*Henry A. Strong,* for appellant.　　*Doyle & Fitts,* for respondents.

LANDON, J.　This action was prematurely brought.　The contract was not for necessaries, and therefore was not obligatory.　It was not clearly to the disadvantage of the infant, and therefore was not void.　It was of an uncertain nature as to benefit or prejudice, and therefore was voidable.　2 Kent, Comm. 236; *Chapin* v. *Shafer,* 49 N. Y. 407; *Henry* v. *Root,* 33 N. Y. 526; *Sparman* v. *Keim,* 83 N. Y. 245.　But, while the defendant's infancy continued, he was incapable of affirming or disaffirming it.　He has his election after becoming of age.　*Beardsley* v. *Hotchkiss,* 96 N. Y. 201, 211; *Walsh* v. *Powers,* 43 N. Y. 23, and cases *supra.*　The defendant was still an infant when this action was tried.　Judgment reversed, with costs.　All concur.

---

PEOPLE *ex rel.* McCORMACK *v.* FRENCH *et al.,* Police Commissioners.

*(Supreme Court, General Term, First Department.* May 23, 1890.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.

　　The action of the police commissioners in discharging relator will not be disturbed on *certiorari* where the intoxication charged is proved by several witnesses, and relator's defense that his condition resulted from taking medicine prescribed by a physician is supported only by a certificate of the physician that he prescribed for relator "a mixture containing chloroform, " the prescription not being produced.

*Certiorari* by Patrick McCormack to review the action of Stephen B. French and others, constituting the board of police commissioners, discharging relator from the police force.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Edward Mackinley,* for relator.　*Alexander D. Keyes,* for respondents.

BARRETT, J.　This case comes directly within the principle of *People* v. *French,* 110 N. Y. 494, 18 N. E. Rep. 133.　The relator's intoxication was clearly proved by a large number of witnesses.　His defense was that his condition resulted from the taking of medicine prescribed by a physician. The prescription was not produced, but the physician certified that, "several days" before the relator's trial, he had prescribed "for the bearer, Mr. McCormack, a mixture containing chloroform."　It seems that the physician had never seen McCormack, but that the prescription and certificate were given to one McGuire, who was an acquaintance of McCormack's, and who undertook to procure medical assistance for him.　The entire story about the prescription, and the proof with regard to the administration of a mixture containing chloroform, were too vague, and even suspicious, to carry conviction, and we think the commissioners were entirely justified in disregarding the attempted explanation on that head.　They were also justified in rejecting the relator's testimony in view of its evident incorrectness with regard to matters of detail, as to which the accusing witnesses could not have been mistaken.　These witnesses all testified that when McCormack was brought to the station-house his clothing was dirty and dusty, and that he presented the appearance of a man who had been engaged in a fight.　Yet the relator declared that all this was untrue, and that his clothing was then as clean as it was at the time of his trial.　The preponderance of testimony was decidedly against the relator, and the proceedings should be affirmed.　All concur.